Fry, J.
delivered the opinion of the court.—According to Tefft v. Commonwealth, 8 Leigh 721. the present is a case in which a writ of error may be awarded to the commonwealth. The attorney general has asked for one; and the enquiry is, what error the record presents ?
The indictment alleges that the defendant, without having a license therefor according to law, did sell by retail wine, brandy &c. to be drunk at the place where sold, contrary to the form of the statute in such case made &c. It is evidently founded on the 17th section of the act passed March 7.1834. That the spirits were to be drunk at the place where sold, is necessary to constitute the offence within that section. But failing to prove this, the attorney for the commonwealth contend *622 ed that the words describing that part of the offence might be rejected as surplusage, and the defendant convicted under the 3d section of the act aforesaid. The court below decided otherwise; and, we think, with good reason.
Without deciding what would be a good indictment under the 3d section, it is sufficient to say, that the of-fences described by the 3d and 17th sections are wholly different. Under the 17th section, an ordinary license and certificate are required ; under the 3d, a retail merchant’s license and certificate. Under the 17th, the spirits must be sold to be drunk at .the place of sale; under the 3d, not to be drunk at such place. Under the 17th, the fine is 30 dollars; while that under the 3d is twice the tax upon a retail merchant’s license for the time.
The offences being thus different, to allow one to be described and the other proved, would be contrary to the plainest principles of justice, and opposed to the end of all pleading—that the defendant may have sufficient notice of the charge against him, and that a verdict and judgment upon it may be a bar to any future proceeding. To allow it, he might not only be entrapped, but twice harassed. Suppose, on the ground claimed by the commonwealth, the jury had found the defendant guilty; what judgment could the court have rendered ? Manifestly, a judgment for 30 dollars fine, under the 17th section. The record could have warranted no other. Yet the verdict would have been founded upon evidence of an offence to which a different penalty is attached. And should the defendant be again charged with the latter offence, he could not (contrary to the very terms of the record) aver it to be the same for which he had already suffered.
We are all of opinion to deny the writ.